**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mike Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Emily C. Beecham, Esq. (SBN: 315462)
emily@kazlg.com
245 Fisher Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SKILES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC. f/k/a TESLA MOTORS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., APPSTEM MEDIA LLC, and SALESFORCE VENTURES, LLC,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1) **THE DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. §§ 2721, *ET SEQ.*;**<br><br>2) **THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. §§ 2510, *ET. SEQ.*; AND**<br><br>3) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The plaintiff, WAYNE SKILES ("Plaintiff"), brings this class action complaint to challenge the illicit practice of TESLA, INC. ("Tesla"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), APPSTEM MEDIA LLC ("Appstem"), and SALESFORCE VENTURES LLC ("Salesforce") (collectively the "Defendants") in surreptitiously acquiring consumers' private information from state-issued driver's licenses, then storing, using, and disclosing the same for unpermitted marketing and sales purposes without the consumers' consent.

2. Tesla offers its potential customers the opportunity to test-drive its vehicles provided they can produce a valid driver's license prior to the test-drive. Under the guise of verification of licensure, a Tesla employee requested to view Plaintiff's driver's license, and Plaintiff complied. Rather than merely verifying the existence of the license, however, the employee scanned the license using an iPad without Plaintiff's consent. Upon information and belief, an application on the iPad—which was created by Appstem specifically for Tesla—instantaneously and automatically transmitted personal information embedded in the magnetic strip of Plaintiff's license into Tesla's Salesforce marketing database and other unknown places, for storage, use, and distribution to Experian and other unknown third parties.

3. Experian unlawfully used Plaintiff's consumer report information to create a "Mosaic" score based on Plaintiff's creditworthiness that Tesla in turn could use, or did use, to target Plaintiff for marketing and sales purposes.

4. Through this scheme, Tesla deceptively obtained and subsequently used consumers' personal information for an impermissible purpose without the knowledge or consent of the consumers. Plaintiff and others similarly situated have fallen prey to this deceitful practice for several years.

5. Congress passed the Driver's Privacy Protection Act ("DPPA") in order to

protect the privacy of individuals whose information is registered with their local Department of Motor Vehicles. 18 U.S.C. §§ 2721, *et seq*. By knowingly obtaining, disclosing, and using information from Plaintiff's driver's license—a motor vehicle record—for an impermissible purpose, Defendants acted in violation of 18 U.S.C. §§ 2721, *et seq.*, and are liable to Plaintiff pursuant to 18 U.S.C. § 2724(a). Plaintiff and others similarly situated are entitled to actual damages, liquidated damages, and statutory damages, as well as attorney's fees and costs reasonably incurred. 18 U.S.C. § 2724(b).

6. The Electronic Communications Privacy Act ("ECPA") is a federal statute that prohibits a third party from intercepting and/or disclosing certain communications without authorization. By intentionally intercepting and disclosing the contents embedded in Plaintiff's driver's license, which was beyond the scope of any consent offered by Plaintiff to confirm the information on the face of Plaintiff's driver's license, Defendants acted in violation of 18 U.S.C. §§ 2510, *et seq.*, and are liable to Plaintiff pursuant to 18 U.S.C. § 2520(a). Plaintiff and others similarly are entitled to statutory damages, punitive damages, and attorney's fees and costs reasonably incurred. 18 U.S.C. § 2520(b)&(c).

7. The Fair Credit Reporting Act ("FCRA") is a federal statute, enacted in 1970, to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. *See* 15 U.S.C. §§ 1681, *et seq*. Users of consumer information must have a permissible purpose under the FCRA to obtain a consumer report. Target marketing is not a permissible use of consumer report information.

8. Plaintiff makes these allegations upon information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's Counsel, which Plaintiff alleges on personal knowledge.

9. Unless otherwise indicated, the use of any of Defendants' names in this Complaint include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogatees, representatives, and insurers of the named Defendants.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction because this case arises out of violation of federal law.  *See* 18 U.S.C. §§ 2721, *et seq.*, 18 U.S.C. §§ 2510, *et seq.*, and 15 U.S.C. §§ 1681, *et seq*.

11. Venue is proper in the United States District Court for the Northern District of California, pursuant to 18 U.S.C. § 1391(b), because at least one Defendant resides in this judicial district, the harm to Plaintiff occurred within the State of California, and Defendants are subject to personal jurisdiction in this judicial district because each conducts business here.

## PARTIES

12. Plaintiff is and, at all times mentioned herein, was a citizen and resident of the State of California, County of Riverside.

13. Plaintiff is informed and believes, and thereon alleges, that Tesla, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California.

14. Plaintiff is informed and believes, and thereon alleges, that Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business in Costa Mesa, California.

15. Plaintiff is informed and believes, and thereon alleges, that Appstem Media LLC is a California corporation with its principal place of business in San Francisco, California.

16. Plaintiff is informed and believes, and thereon alleges, that Salesforce Ventures LLC is a Delaware corporation with its principal place of business in San Francisco, California.

Kazerouni Law Group, APC
Costa Mesa, California

## FACTUAL ALLEGATIONS

17. Plaintiff alleges as follows, on information and belief, formed after a reasonable inquiry under the circumstances.

18. In or around late July 2015, Plaintiff visited a Tesla vehicle showroom store in Newport Beach, California.

19. While browsing, Plaintiff was approached by a Tesla employee known as a product specialist ("Product Specialist") who initiated a conversation with Plaintiff.

20. During the conversation, the Product Specialist offered Plaintiff a test drive in a Tesla vehicle, and Plaintiff responded that he was interested.

21. The Product Specialist then requested to view Plaintiff's driver's license.

22. Plaintiff was led to believe this request was made only to verify that Plaintiff was legally permitted to drive a motor vehicle; i.e., that Plaintiff possessed a current, valid driver's license.

23. Unbeknownst to Plaintiff at the time, Tesla had an established practice of obtaining customers' personal information from driver's licenses through either: (1) scanning a customer's driver's license with an iPad; (2) swiping a customer's driver's license using an iPad; or (3) manually typing the information from a customer's driver's license into an iPad.

24. The Product Specialist took Plaintiff's driver's license and, with an iPad, scanned Plaintiff's driver's license using an internal and proprietary software application created for Tesla by Appstem.

25. Personal information from Plaintiff's driver's license was instantaneously and automatically populated into the iPad.

26. The Product Specialist requested, then manually entered, Plaintiff's email address and phone number into the iPad.

27. The Product Specialist then showed Plaintiff a message on the iPad screen titled "Test Drive Agreement", stating that Plaintiff represented he was

validly licensed to drive a vehicle in the applicable area, that he was responsible for his actions behind the wheel, would drive non-negligently, and that he agreed to electronic submission and acceptance of the terms of the Test Drive Agreement he was viewing.

28. At all times viewing the iPad, Plaintiff believed his license was being electronically verified, and that once complete, his personal information other than phone number and email would be erased and not retained for any purpose.

29. Unbeknownst to Plaintiff, Plaintiff's personal information was immediately uploaded by Tesla, using the Appstem application,[1] to Tesla's Salesforce marketing database where a qualification profile was automatically created on Plaintiff using personal information obtained from Plaintiff's driver's license.

30. Plaintiff's personal information was then transmitted and disclosed to Experian through the Salesforce marketing database.

31. Experian, in turn, provided Tesla with an Experian "Mosaic" score based on Plaintiff's personal information, such as property characteristics and summarized credit and automotive data.[2]

32. Tesla obtained, used, and disclosed to Experian Plaintiff's personal identification information for marketing purposes.

33. Tesla had no right to retain, disclose, and use Plaintiff's personal information for marketing purposes or otherwise.

34. The Product Specialist did not inform Plaintiff that Plaintiff's personal

---

[1] *Tesla Motors*, APPSTEM (last accessed on Sept. 14, 2017) https://appstem.com/work/tesla-ipad/ ("Connected iPads make scheduling a test drive a breeze, Tesla personnel swipe a prospective customer's driver's license to easily capture driver information").

[2] *Mosaic USA, Your Customer Segmentation Solution for Consistent Cross-Channel Marketing*, Experian (last accessed on Sept. 13, 2017) https://www.experian.com/assets/marketing-services/product-sheets/mosaic-usa.pdf (data factors include "property characteristics and summarized credit and automotive data").

**CLASS ACTION COMPLAINT** PAGE 6 OF 16

information contained on his driver's license would be retained, disclosed, and used for marketing purposes, or otherwise.

35. Plaintiff was not provided an opportunity to consent and therefore could not have consented to his personal information being taken, used, and disclosed for marketing purposes.

36. To date, Tesla retains Plaintiff's personal information in Tesla's Salesforce marketing database and uses the information as it sees fit, depriving Plaintiff of the right to control distribution of his personal information.

37. Plaintiff has a right to control his personal information. As Plaintiff's information continues to be retained and used by Tesla and other third parties, Tesla continues to derive economic benefits from access to Plaintiff's personal information.

38. Defendants have violated Plaintiff's right to control who has access to Plaintiff's personal information and for what purposes it is used.

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

40. Plaintiff represents and is a member of the following Class:

> All persons within the United States whose driver's license information was obtained, disclosed, and/or used by Defendant(s) and/or their employees and/or agents without consent within four years prior to the filing of the Complaint.

41. Plaintiff further represents and is a member of the following Class:

> All persons within the United States whose driver's license information was intercepted and transmitted by Defendant(s) and/or their employees and/or agents to acquire an investigative consumer report without consent within two years prior to the filing of the Complaint.

//

42. Defendants and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the several thousands, if not substantially more.[3] Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

43. Plaintiff and members of the Class were harmed by the acts of Defendants in violating Plaintiff's and the putative Class Members' right to control their personal information.

44. Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

45. The joinder of the Class Members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

46. There is a well-defined community of interest in the questions of law and fact to the Class that predominate over questions which may affect individual Class Members, including the following:

    a. whether Defendants knowingly obtained and/or disclosed protected personal information from Plaintiff and the Class Members' driver's licenses;

    b. whether Defendants knowingly obtained and/or disclosed Plaintiff and the Class members' consumer reports in violation of section 1681a of the FCRA;

---

[3] In 2016, Tesla CEO Elon Musk revealed that the company received almost 400,000 preorders for its Model 3 sedan, only one week after its unveiling. *See* Tom Warren, *Tesla has received almost 400,000 preorders for the Model 3*, Apr. 21, 2016. https://www.theverge.com/2016/4/21/11477034/tesla-model-3-preorders-400000-elon-musk.

  c. whether Defendants disclosed to Plaintiff and the Class members, in writing, that Defendants procured or caused to be created an investigative consumer report containing Plaintiff and the Class members' personal information;

  d. whether Defendants violated section 2722(a) of the DPPA by obtaining, using, and/or disclosing personal information from a motor vehicle record without a permissible purpose under section 2721(b) of the DPPA;

  e. whether Defendants unlawfully intercepted the contents of electronic communications and/or disclosed or used such intercepted communications in violation of section 2511(1)(a)&(b) of the ECPA;

  f. whether Plaintiff and the Class members were damaged by Defendants' conduct, and the extent of damages for such violation; and

  g. whether the Defendants and their agents should be enjoined from engaging in such conduct in the future.

47. As a natural person whose driver's license information was unlawfully intercepted, disclosed, and used without his knowledge or consent for marketing and sales purposes or any other unauthorized purpose, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.

49. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving invasion of privacy.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against the Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.

51. Defendants have acted, and continue to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE DRIVER'S PRIVACY PROTECTION ACT**
**18 U.S.C. §§ 2721, *ET SEQ.***

52. Plaintiff realleges and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

53. Tesla is a contractor of the state department of motor vehicles ("DMV") within the meaning of section 2721(a), because Tesla is regulated and approved by the DMV.

54. Tesla knowingly obtained Plaintiff's protected personal information from Plaintiff's driver's license, a motor vehicle record, for a purpose not permitted or authorized under 18 U.S.C. § 2721(a).

55. Tesla knowingly disclosed Plaintiff's protected personal information, which was taken from Plaintiff's driver's license through use of the Appstem application, to Salesforce, which instantaneously disclosed the information to Experian in violation of 18 U.S.C. § 2721(b).

56. Tesla knowingly used Plaintiff's personal information from Plaintiff's driver's license to contact Plaintiff through target marketing, which is a

purpose not permitted under 18 U.S.C. § 2721(b).

57. Tesla knowingly disclosed and used Plaintiff's personal information from Plaintiff's driver's license to acquire data concerning Plaintiff's financial condition and credit worthiness, which is a purpose not permitted under section 2721(b)(5).

58. Neither Tesla nor Experian obtained Plaintiff's express written consent to obtain, disclose, or use Plaintiff's protected personal information from his driver's license because, to Plaintiff's knowledge, only the information displayed on the face of Plaintiff's driver's license was being received by Tesla.

59. The foregoing acts and omissions constitute multiple violations of the Driver's Privacy Protection Act.

60. As a result of each and every violation the Driver's Privacy Protection Act, Plaintiff is entitled to liquidated damages in the amount of $2,500 pursuant to 18 U.S.C. § 2724(b)(1); punitive damages upon proof of willful or reckless disregard of the law pursuant to 18 U.S.C. § 2724(b)(2); reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. § 2724(b)(3); and any such other preliminary and equitable relief as the court determines to be appropriate pursuant to 18 U.S.C. § 2724(b)(4).

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT**
**18 U.S.C. §§ 2510, *ET SEQ.***

61. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The Electronic Communications Privacy Act ("ECPA") generally prohibits the intentional "interception" of "wire, oral, or electronic communications." 18 U.S.C. § 2511(1).

63. The transfer of data through use of the electromagnetic strip on consumers'

driver's licenses constitutes an "electronic communication" as that term is defined under 18 U.S.C. § 2510(14).

64. The acquisition of data from the electromagnetic strip on consumers' driver's licenses using an electronic device such as an iPad constitutes an "interception" as that term is defined under 18 U.S.C. § 2510(4).

65. By designing and programming the Appstem application and Salesforce marketing database to contemporaneously intercept and transmit the contents embedded in the magnetic strip of Plaintiff's driver's license, Defendants intercepted and/or endeavored to intercept the contents of electronic communications, in violation of 18 U.S.C. § 2511(1).

66. By capturing and transmitting the Plaintiff's driver's license information to Salesforce, Appstem and Tesla disclosed or endeavored to disclose the contents of such electronic communications while knowing or having reason to know that the data was obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2511(1)(c).

67. By transmitting the Plaintiff's driver's license information to Experian, Salesforce disclosed or endeavored to disclose the contents of such electronic communications while knowing or having reason to know that the data was obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2511(1)(c).

68. Tesla used or endeavored to use the contents of Plaintiff's driver's license information to compile market segmentation data, while knowing or having reason to know that the information was obtained through the interception of such driver's license information without Plaintiff's consent in violation of 18 U.S.C. § 2511(1)(d).

69. Experian used or endeavored to use the contents of Plaintiff's driver's license information to compose a "Mosaic" score for Plaintiff, while knowing or having reason to know that the information was obtained through the

interception of such driver's license information without Plaintiff's consent in violation of 18 U.S.C. § 2511(1)(d).

70. No party to the electronic communications alleged herein consented to Defendants' interception or use of the contents of such electronic communications, nor could they, because Defendants never sought to obtain Plaintiff's or the Class's consent. Instead, the interception occurred concurrently when the consumers' driver's licenses were scanned.

71. The foregoing acts and omissions amount to multiple violations of the Electronic Communications Privacy Act.

72. Plaintiff and the Class suffered harm as a result of Defendants' violation of the Electronic Communications Privacy Act, and therefore seek (a) preliminary, equitable, and declaratory relief as may be appropriate pursuant to 18 U.S.C. § 2520(b)(1); (b) the profits obtained by Defendant as a result of its unlawful conduct, or statutory damages as authorized by 18 U.S.C. § 2520(c)(2)(B), whichever is greater; (c) punitive damages pursuant to 18 U.S.C. § 2520(b)(2); and (d) costs and attorneys' fees pursuant to 18 U.S.C. § 2520(b)(3).

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681, *ET SEQ.*

73. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The "Mosaic" score provided by Experian to Tesla is a consumer report within the meaning of the FCRA because it is calculated based on the consumer Plaintiff's personal information regarding his credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, and/or mode of living to establish his eligibility to purchase a vehicle from Tesla. *See* 15 U.S.C. § 1681a(d)(1)(A).

75. Plaintiff, at all times relevant, believed his driver's license was being used only to verify that he was a licensed driver.

76. Plaintiff did not consent to the production of his consumer report by Experian, nor the receipt or use of his consumer report by Tesla, or Salesforce, or Appstem, for any purpose, including for purposes of creating an Experian "Mosaic" score.

77. None of the Defendants asked for or received Plaintiff's consent, either in writing or orally, as Plaintiff was not even made aware that his credit information was accessed or used to calculate said score. *See* 15 U.S.C. § 1681d(a).

78. Tesla failed to disclose to Plaintiff, in writing (or by any means), that Tesla procured an investigative consumer report, within the meaning of section 1681d(a), from Experian, which report included information as to Plaintiff's character, general reputation, personal characteristics, and/or mode of living, in violation of section 1681d(a).

79. Experian unlawfully sold Plaintiff and the Class member's credit information, including their names, addresses, dates of birth, and further information related to their creditworthiness to Tesla for marketing and sales purposes.

80. Plaintiff and the Class suffered harm as a result of Defendants' violations of the Fair Credit Report Act, and therefore seek (a) statutory damages of not less than $100 and not more than $1,000 per class member pursuant to 15 U.S.C. § 1681n(a)(1)(A); (b) punitive damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n(a)(2); and (c) costs and attorneys' fees as provided by 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against each Defendant:

- that this action be certified as a class action;

- that Plaintiff be appointed as the representative of the Class;
- that Plaintiff's attorneys be appointed Class Counsel;
- that Defendants be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE DRIVER'S PRIVACY PROTECTION ACT
### 18 U.S.C. §§ 2721, *ET SEQ.*

- an award of liquidated damages in the amount of $2,500, per class member, pursuant to 18 U.S.C. § 2724(b)(1);
- an award of punitive damages, in an amount to be determined at trial, pursuant to 18 U.S.C. § 2724(b)(2);
- an award of attorneys' fees, together with all costs and expenses, pursuant to 18 U.S.C. § 2724(b)(3).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT
### 18 U.S.C. §§ 2510, *ET SEQ.*

- disgorgement of illegal profits made by Defendants from the illegal conduct;
- an award of statutory damages of whichever is the greater of $100 a day for each day of violation, or $10,000, per Class member;
- an award of punitive damages, in an amount to be determined at trial, pursuant to 18 U.S.C. 2520(b)(2);
- an award of attorneys' fees, together with all costs and expenses, pursuant to 18 U.S.C. § 2520(b)(3).

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681, *ET SEQ.*

- an award of statutory damages of not less than $100 and not more than $1,000 per Class member pursuant to 15 U.S.C. § 1681n(a)(1)(A);

- an award of punitive damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n(a)(2); and
- an award of reasonable attorney's fees, together with all costs and expenses, pursuant to 15 U.S.C. 1681n(a)(3).

### TRIAL BY JURY

81. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: September 19, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian

ABBAS KAZEROUNIAN, ESQ.
*Attorney for Plaintiff*