1

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mike Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Emily C. Beecham, Esq. (SBN: 315462)
emily@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff,*
*Wayne Skiles*

**COOLEY LLP**
Michael Rhodes, Esq. (SBN: 116127)
rhodesmg@cooley.com
Jeff Gutkin, Esq. (SBN: 216083)
jgutkin@cooley.com
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2181
Facsimile: (415) 693-2222
*Attorneys for Defendant,*
*Tesla, Inc.*

**JONES DAY**
John A. Vogt, Esq. (SBN: 198677)
javogt@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 553-7516
Facsimile: (949) 553-7539
*Attorney for Defendant,*
*Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WAYNE SKILES, individually and on behalf of all others similarly situated,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**TESLA, INC., et al.,**<br><br>            **Defendants.** | **Case No.: 3:17-cv-05434-WHO**<br><br>Assigned to: Hon. William H. Orrick<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 19, 2017<br>Time: 2:00 P.M.<br>Dept.: 2 |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff WAYNE SKILES ("Plaintiff"), and defendants TESLA, INC. ("Tesla"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EIS"), and SALESFORCE VENTURES, LLC[1] ("Salesforce") (collectively the "Defendants" and, with Plaintiff, the "Parties"[2]), submit this joint discovery plan in accordance with Rule 26(f) of the *Federal Rules of Civil Procedure* and Civil Local Rule 16-9(a). The Parties conducted a Rule 26(f) conference telephonically on November 27, 2017, with the following parties present: Mike Kazerouni, Jason A. Ibey, and Emily C. Beecham for the Plaintiff; John Vogt for Defendant EIS; and Jeffrey Gutkin and Kyle Wong for Defendant Tesla.

## 1.   JURISDICTION AND SERVICE

### Plaintiff's Position:

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. *See* 18 U.S.C. §§ 2721, *et seq.*, 18 U.S.C. §§ 2510, *et seq.*, and 15 U.S.C. §§ 1681, *et seq.*

Venue is proper in the Northern District of California because Tesla and Salesforce have their principal places of business within this judicial district, all Defendants conduct business within this judicial district, and Plaintiff is a resident of the State of California.  Plaintiff disagrees that his claims are subject to binding arbitration, as the alleged violations occurred before Plaintiff purchased a Tesla vehicle and that arbitration agreement does not expressly apply retroactively.

All named Defendants have been served. Despite the contention by EIS that it was incorrectly named, Plaintiff continues to believe, in good faith, that EIS is the correct Experian entity based on a reasonable investigation. EIS's trademarked logo is used on the advertising materials for the Mosaic marketing tool and its name is

---

[1] Plaintiff has expressed an intention to dismiss Salesforce Ventures, LLC without prejudice following receipt of a satisfactory declaration under oath; however, to date a signed declaration has not been received by Salesforce.

[2] Defendant Appstem Media, LLC was voluntarily dismissed from this action on November 27, 2017. [Dkt. No. 47.]

prominently printed on the bottom of said materials. Moreover, the Mosaic marketing tool is prominently advertised on the same website where consumers can obtain a consumer report from EIS. Notably, EIS has not refuted this evidence which was provided to EIS in response to its contention that Plaintiff named the wrong Experian entity. The declaration provided by EIS—which Plaintiff believes to be inappropriate in a joint case management statement—is not sufficient to overcome this evidentiary support.

Plaintiff strongly disagrees with EIS's position that Plaintiff is in violation of Fed. R. Civ. P. 11, and Defendant has not filed a motion under Fed. R. Civ. P. 11. While EIS claims to be the incorrect Experian entity, EIS has not indicated who it believes to be the correct Experian entity, despite inquiry from counsel for Plaintiff.

**Tesla's Position:**

This Court lacks jurisdiction over Plaintiff's claims against Tesla because Plaintiff agreed to arbitrate "any claim, dispute or controversy . . . arising from or relating to" his "purchase of [a Tesla vehicle]" as well as those arising from or relating to "any related transaction, occurrence or relationship."  Plaintiff also expressly agreed to arbitrate "any dispute regarding the arbitrability of" his claims and that "the validity, scope, and interpretation of this arbitration provision are to be decided by neutral, binding arbitration."

**EIS's Position:**

Plaintiff has sued the wrong party in this case.  For that reason, service has not been made on the correct party, and the Plaintiff lacks Article III standing to assert claims against EIS, which has in no way harmed him.  The Court therefore lacks subject-matter jurisdiction over those claims.

Counsel for EIS has repeatedly informed counsel for Plaintiff that Plaintiff has sued the wrong defendant.  EIS—the Experian entity actually named in the Complaint—does not prepare or sell, nor has it ever prepared or sold, the "Mosaic scores" that purportedly provide the basis for Plaintiff's claims against EIS.

Moreover, EIS—which is a "consumer reporting agency" under the Fair Credit Reporting Act ("FCRA")—does not provide credit information to any other entity for use in generating "Mosaic scores." Put simply, EIS is a stranger to this case, with no relevant relationship to either Plaintiff or Tesla.

EIS has provided Plaintiff's counsel with a sworn declaration to this effect, but Plaintiff inexplicably refuses to dismiss EIS as a defendant. That declaration is attached to this Joint Case Management Statement as Exhibit A. The only possible explanation for Plaintiff's refusal to dismiss EIS is that Plaintiff wishes to embark upon a protracted fishing expedition, hoping to uncover information through discovery that will allow it to sue the correct party (if one exists). This conduct is flatly inconsistent with Federal Rule of Civil Procedure 11, which requires an attorney to certify to the court that its factual contentions have *present* evidentiary support. Plaintiff's counsel cannot reasonably believe that its claims against EIS have such support.

Not only does Plaintiff's refusal to proceed against the correct defendant violate Rule 11, but it also strips this Court of subject-matter jurisdiction. Given its status as a stranger to this case, EIS could not possibly have injured the Plaintiff. Therefore, Plaintiff is without standing to proceed against EIS because EIS has not caused the Plaintiff any injury, and no decision by this court could redress an injury caused by a non-party. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As there is no case-or-controversy between EIS and Plaintiff, this Court lacks subject-matter jurisdiction under Article III of the Constitution.

## 2.   BRIEF FACTUAL SUMMARY

### Plaintiff's Position:

Plaintiff alleges that Tesla unlawfully obtained protected personal information from Plaintiff's driver's license by scanning his license using an iPad without Plaintiff's knowledge or consent, and subsequently transmitting such information to EIS for purposes of obtaining a Mosaic score, which upon information and belief,

was composed using factors bearing on Plaintiff's mode of living and credit worthiness. Such conduct violated Plaintiff's right to control the use of his personal information as well as his right to privacy, and constitutes violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2171, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*[3]

Plaintiff believes the main factual issues are: 1) whether Plaintiff agreed to Tesla's purported privacy agreement before his driver's license information was obtained, disclosed, and used by Tesla; and 2) what information was obtained by Tesla from Plaintiff's driver's license bar code.

**Tesla's Position:**

As Tesla has informed Plaintiff, he has an erroneous understanding of the relevant facts. Tesla obtained the "personal information" it allegedly exchanged with EIS on the day before Plaintiff's alleged test drive and driver's license scan, when Plaintiff voluntarily filled out an online Tesla form to schedule a test drive. Tesla did not provide any new information concerning Plaintiff to EIS (or to any Experian entity) as a result of any scan of Plaintiff's driver's license. Moreover, on the day of his test drive, Plaintiff ordered a custom-built Tesla Model S and formally requested that Tesla run a credit check on him in connection with possibly leasing that sedan. He then put down an order payment (i.e., initial deposit) for his purchase the next day, and uploaded another copy of his driver's license to Tesla, among other documents.

When Plaintiff's Model S was ready for delivery, he finalized his purchase and agreed to arbitrate "any claim, dispute or controversy . . . arising from or relating to" his "purchase of [a Tesla vehicle]" as well as those arising from or relating to "any related transaction, occurrence or relationship." Plaintiff also agreed to arbitrate "any dispute regarding the arbitrability of" his claims and that "the validity,

---

[3] As explained herein, Plaintiff plans to amend the Complaint to withdraw the cause of action for violations of the Electronic Communications Privacy Act.

scope, and interpretation of this arbitration provision are to be decided by neutral, binding arbitration."

Plaintiff's allegations regarding the Mosaic score are also inaccurate, as discussed by EIS below.

**EIS's Position:**

EIS agrees with Tesla's position as described above.  In addition, EIS reiterates that EIS does not prepare or sell, and has never prepared or sold, the "Mosaic scores" that provide the basis for Plaintiff's claims against EIS.  Moreover, EIS—which is a "consumer reporting agency" under FCRA—does not provide credit information to any other entity for use in generating "Mosaic scores."  EIS has provided Plaintiff's counsel with a sworn declaration to this effect, which is attached as Exhibit A.

**3.    LEGAL ISSUES**

**Plaintiff's Position:**

Plaintiff believes the pertinent legal issues in dispute are as follows: 1) whether Tesla's conduct in obtaining, disclosing, and using Plaintiff's driver's license information constitutes a violation of the DPPA, 18 U.S.C. §§ 2171, *et seq.*; 2) whether the Mosaic score provided to Tesla by EIS constitutes a consumer report within the meaning of 15 U.S.C. § 1681a(d); 3) whether the arbitration clause in the sales agreement entered by Plaintiff with Tesla applies retroactively to the conduct alleged by Plaintiff, and whether such conduct falls within the scope of the arbitration agreement; and 3) whether or not this matter can be maintained as a class action under Fed. R. Civ. P. 23.

**Tesla's Position:**

Tesla believes that the case will present the following legal issues:

1) Whether Plaintiff has any valid basis to escape his agreement to arbitrate his claims against Tesla and to have the arbitrator decide whether his claims are arbitrable (he does not);

2) If Plaintiff is not bound by his arbitration agreement (he is) and if Plaintiff's allegations are accepted as true (they are not):

    a. Whether Tesla violated the DPPA where, among other defects with Plaintiff's claim, Tesla allegedly obtained information from Plaintiff, who voluntarily provided his driver's license, rather than from a state Department of Motor Vehicles; and

    b. Whether Tesla's alleged use of a "Mosaic Score" for marketing purposes could have violated FCRA, given the nature of that score and the sources of information from which it is derived.

    c. Whether Plaintiff assented to Tesla's alleged use of his "personal information," as alleged in the Complaint.

3) Whether, among other things, the individualized nature of the interactions between Tesla and each putative class member precludes class certification.

**EIS's Position:**

EIS agrees with Tesla's position as described above.   In addition, EIS reiterates that it is not a proper party to this case and should be promptly dismissed either voluntarily or, if necessary, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Even if EIS were a proper party, Plaintiff's claims are meritless. EIS notes that Plaintiff intends to drop its claim under the Electronic Communications Privacy Act.  And, as will be demonstrated in EIS's forthcoming motion to dismiss under Rule 12(b)(6), Plaintiff's claims under the DPPA and FCRA both fail as a matter of law under well-established precedent.

## 4.   MOTIONS

**Plaintiff's Position:**

The parties filed stipulation to extend the deadline for Defendants to respond to the Complaint, which were granted (Dkt. Nos. 32, 43, 44 and 45). Also, the parties recently filed a stipulation to permit Plaintiff to file an amended complaint and for a

briefing schedule to respond to the amended complaint (Dkt. No. 53), which was granted.   Plaintiff anticipates filing a motion for class certification following sufficient discovery.

**Defendants' Position:**

Tesla anticipates that it will bring a motion to compel arbitration and to stay Plaintiff's Complaint, or, alternatively, to dismiss Plaintiff's Complaint.   EIS also intends to bring a motion to dismiss.   Defendants also anticipate bringing a motion to stay all discovery pending resolution of Tesla's motion to compel arbitration, if the Court will require a formal motion before instituting a stay.

**5.     AMENDMENT OF THE PLEADINGS**

**Plaintiff's Position:**

With leave of Court, Plaintiff intends to file an amended complaint, which may include a dismissal of the Second Cause of Action without prejudice. The parties have requested a deadline of December 22, 2017 for Plaintiff to file an amended complaint (see Dkt. No. 53).  Plaintiff requests a deadline of February 23, 2018 to move to further amend the pleadings by either party in this action, pursuant to Fed. R. Civ. P. 15.

**Defendants' Position:**

Plaintiff should be permitted no further amendment as his claims are subject to arbitration and legally unsustainable.

**6.     EVIDENCE PRESERVATION**

All counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and agreed at the Fed. R. Civ. P. 26(f) conference of counsel that there are no anticipated concerns relating to Electronically Stored Information.

**7.     DISCLOSURES**

**Plaintiff's Position:**

After asking whether initial disclosures should be served by the time required

under Fed. R. Civ. P. 26, and in response to Defendants' counsels' position that discovery is premature, Plaintiff has requested that the parties exchange initial disclosures by December 18, 2017.  It is Plaintiff's understanding that Defendants believe that the issue of the timing of the initial disclosures be addressed at the case management conference.  Plaintiff intends to serve Plaintiff's initial disclosures by December 18, 2017.

### Defendants' Position:

The Court should stay initial disclosures and all other discovery pending the resolution of Tesla's motion to compel arbitration as discussed in more detail below.

## 8.    DISCOVERY

### Plaintiff's Position:

Plaintiff believes that discovery should proceed despite Defendants' stated intention to file a motion to dismiss and/or a motion to compel arbitration. Plaintiff proposed in the chart below various case management deadlines. Plaintiff does not believe that discovery should be bifurcated, in light of a heavy overlap of the merits and class certification issues concerning whether it was illegal for Defendant to scan Plaintiff's driver's license information and use and transmit it for marketing purposes without consent.

Plaintiff has not yet served written discovery requests on any party or third party. Plaintiff anticipates serving the initial set of written discovery (including document requests, interrogatories and requests for admission) on Tesla and Experian, as well as a document subpoena to Appstem Media, LLC and Salesforce, shortly after filing a First Amended Complaint. However, should one or more of the Defendants file a motion to compel arbitration, Plaintiff reserves the right to seek discovery necessary to defend against such motion.

Although not exhaustive, Plaintiff intends to seek discovery on the following topics: 1) the business relationship between the Defendants; 2) standing under the asserted federal statutes; 3) policies and procedures concerning the use, storage and

sharing of consumer's drivers' licenses and information contained therein; 4) any contract or agreement between the parties; 5) employee training manuals with regard to contact with consumers, including for a test drive; 6) information concerning an Experian Mosaic Score used by Tesla; 7) information relating to the number of persons who have taken a test drive during the proposed class period; 8) and any asserted defenses.

Plaintiff also anticipates taking the deposition of all named Defendants pursuant to Fed. R. Civ. P. 30(b)(6), following receipt of written discovery responses, by July 13, 2018.

**Tesla's Position:**

The Court should protect Tesla's right to the benefits of its agreement to arbitrate by staying all discovery pending the resolution of Tesla's motion to compel arbitration. *See Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 U.S. Dist. LEXIS 117212, at *2-3 (N.D. Cal. Feb. 14, 2017) ("Courts routinely grant stays" of discovery pending the resolution of motions to compel arbitration to prevent defendants from "forever los[ing] the advantages of arbitration—speed and economy") (internal quotations and citations omitted); *Bailey v. AffinityLifeStyles.com, Inc.*, No. 2:16-cv-02684-JAD-VCF, 2017 U.S. Dist. LEXIS 99824, at *8-12  (D. Nev. June 27, 2017) (risk of prejudice caused by staying discovery pending the resolution of defendants' motion to compel arbitration "does not outweigh the serious and irreparable prejudice, including the loss of the advantages of arbitration from the failure to grant a stay").  This should include a stay of discovery for EIS, so that neither Plaintiff nor EIS will be forced to seek third party discovery from Tesla, which would also deprive Tesla of the benefit of its agreement to arbitrate.

If the Court would prefer to have a noticed motion before ordering a discovery stay, Tesla will prepare a motion.

//

**EIS's Position:**

EIS agrees with Tesla's position as described above.  In addition, EIS states that, in the event Tesla's motion to compel arbitration is granted, this litigation should be stayed in its entirety pending the outcome of that arbitration.  Any arbitration between Plaintiff and Tesla would necessarily involve the exact same legal and factual issues as the dispute between Plaintiff and EIS.  Thus, considerations of judicial economy and respect for the outcome of the arbitral process mandate staying any proceedings involving Plaintiff's claims until they have first been adjudicated in arbitration.  *See, e.g.*, *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 344-45 (5th Cir. 2004) (staying litigation against non-signatory to arbitration agreement because of substantially similar considerations).

**9.   CLASS ACTIONS**

**Plaintiff's Position:**

Plaintiff proposes a deadline of August 3, 2018 to file a motion for class certification following sufficient discovery. Plaintiff intends to move for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (3).

**Defendants' Position:**

Defendants will oppose certification of any class in this case.

**10.   RELATED CASES**

The Parties are not aware of any related cases.

**11.   RELIEF**

**Plaintiff's Position:**

For violations of the DPPA, Plaintiff seeks, on behalf of himself and the putative class: 1) actual damages for the procurement, use, and disclosure of Plaintiff and the putative class members' protected driver's license information, but not less than liquidated damages in the amount of $2,500 per class member; 2) punitive damages upon proof of willful or reckless disregard of the law; 3) reasonable

attorneys' fees and other litigation costs reasonably incurred; and 4) such other preliminary and equitable relief as this Court determines to be appropriate, pursuant to 18 U.S.C. § 2724(b).

For violations of the FCRA, Plaintiff seeks, on behalf of himself and the putative class: 1) an award of statutory damages of not less than $100 and not more than $1,000 per putative class member, for unlawfully producing, obtaining, and using Plaintiff and the putative class members' consumer reports; 2) an award of punitive damages in an amount to be determined at trial; and 3) an award of reasonable attorneys' fees, together with litigation costs reasonably incurred, pursuant to 15 U.S.C. § 1681n(a).

All damages are sought on a class-wide bases.

**Defendants' Position:**

Plaintiff is entitled to no relief.

## 12.   SETTLEMENT AND ADR

**Plaintiff's Position:**

The parties have engaged in several discussions and exchange limited documentation in an attempt to resolve the case but have been unsuccessful. The parties have not agreed upon a dispute resolution procedure and there is scheduled for December 15, 2017 an ADR Phone Conference (Dkt. No. 50).   Plaintiff is amenable to private mediation to be held by August 17, 2018.

Before Plaintiff could make an offer to settle on a class action basis, Plaintiff would need to know approximately how many persons are in the putative class during the 4-year proposed class period.

**Defendants' Position:**

As Plaintiff's claims are without merit and based on factual misunderstandings, Plaintiff should dismiss his claims.

## 13.   CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to a magistrate judge presiding over the entire

action.

**14.   OTHER REFERENCES**

   **Plaintiff's Position:**

   Plaintiff does not believe that Plaintiff's claims are subject to binding arbitration, require a special master, or that the case should be transferred to the Judicial Panel on Multidistrict Litigation.

   **Tesla's Position:**

   Plaintiff is required to arbitrate his claims against Tesla, and, by agreement of the Parties, the arbitrator must resolve any disputes regarding the arbitrability of those claims.

   **EIS's Position**:

   As discussed, the entire action should be stayed until Tesla's motion to compel arbitration and the arbitration itself, if one occurs, are resolved.

**15.   NARROWING OF ISSUES**

   **Plaintiff's Position:**

   To date, the parties have been unable to agree upon any issues in the case, apart from an acknowledgement by Tesla that a representative of Tesla scanned Plaintiff's driver's license, and that information from the bar code on Plaintiff's driver's license was transmitted to Experian. Tesla's contention seems to be that no additional information was taken from Plaintiff's driver's license other than that provided by Plaintiff in the alleged online test drive application. However, Plaintiff has reason to believe that "new" or additional information, including Plaintiff's full address and driver's license number, was obtained and disclosed to EIS upon scanning Plaintiff's driver's license.

   Additionally, Plaintiff acknowledges that he entered into an agreement to purchase a vehicle from Tesla, *after* his driver's license was scanned and a Mosaic score was produced by Experian and provided to Tesla. The remaining issue is whether the arbitration clause in the subsequent sales agreement applies retroactively

to the misconduct alleged by Plaintiff.

Plaintiff does not believe that discovery should be bifurcated, in light of a heavy overlap of the merits and class certification issues concerning whether it was illegal for Defendant to scan Plaintiff's driver's license information, and use and disclose such information for purposes of obtaining a Mosaic score without Plaintiff's knowledge or consent.

**Tesla's Position:**

Plaintiff's statement is inaccurate, and Tesla has not "acknowledged" the stated facts. As discussed above, Tesla did not provide any new information concerning Plaintiff to EIS (or to any Experian entity) as a result of any scan of Plaintiff's driver's license.

In any event, the only issue properly before the Court at this time is Tesla's right to have Plaintiff's claim referred to arbitration and to have these proceedings stayed pending the conclusion of that arbitration.

**EIS's Position:**

EIS agrees with Tesla's position as described above.

**16.   EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case should be handled under the Expedited Trial Procedures of General Order No. 64., Attachment A.

**17.   SCHEDULING**

**Plaintiff's Position:**

Plaintiff believes that discovery should proceed despite Defendants' stated intention to file a motion to dismiss and/or a motion to compel arbitration. Plaintiff proposed in the chart below various case management deadlines.

| Event | Plaintiff |
|---|---|
| Fact Discovery Cut-off | July 27, 2018 (pre-class certification) |
| Expert Designations | August 24, 2018 |
| Rebuttal Expert | September 28, 2018 |

| Designations | |
|---|---|
| Expert Discovery Cut Off | November 30, 2018 |
| Hearing of Dispositive Motions: | January 25, 2019 |
| Pre-Trial Conference | To be set following decision on motion for class certification, or in the alternative, May 20, 2019. |
| Trial | To be set following decision on motion for class certification, or in the alternative, June 22, 2019. |

**Tesla's Position:**

The Parties and the Court should set a discovery schedule only after the Court rules on Tesla's motion to compel arbitration or, if the Court requires, Tesla's motion to stay discovery pending resolution of its motion to compel.

**EIS's Position:**

EIS agrees with Tesla's position as described above. EIS agrees, in particular, that this Court should not determine scheduling until it has first decided any motions to dismiss or to compel arbitration brought by the Defendants. For the reasons above, those motions are likely to dispose of this case in its entirety, and pushing forward with full-fledged discovery in the meantime would be wasteful. Moreover, if this Court grants a motion to compel arbitration of Plaintiff's claims against Tesla, it should stay the matter in its entirety for the reasons given above. For that reason, it makes little sense to set a full schedule now, when the case may very well be sent to arbitration for an arbitrator to decide the issues in the first instance. Any further proceedings can then be dealt with in an orderly manner upon return of the case to this Court.

//

//

//

//

**18.    TRIAL**

**Plaintiff's Position:**

Plaintiff requests a trial by jury, and estimates trial lasting 7 days if proceeding as a class action and 4 days if proceeding as an individual action.  Plaintiff estimates calling six to eight witnesses.

**Defendants' Position:**

Any discussion of trial is premature given Tesla's position that the Court lacks jurisdiction over Plaintiff's claims.

**19.    DISCLOSURES OF NON-PARTY INTERESTS**

**Plaintiff's Position:**

Plaintiff has filed a Certificate of Interested Parties. Other than the named parties, there is no such interest to report.

**Defendants' Position:**

Tesla and EIS have also filed Certificates of Interested Parties prior to filing this Statement.

**20.    PROFESSIONAL CONDUCT**

The Parties' attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER MATTERS**

**Plaintiff's Position:**

Plaintiff anticipates that some of the information sought will be confidential and or proprietary. Plaintiff would like to have a stipulated protective order in place prior to the scheduled case management conference.

**Defendants' Position:**

A protective order is premature given that discovery should be stayed pending resolution of Tesla's motion to compel arbitration.  However, Defendants agree that a protective order will be required prior to any exchange of confidential information.

| | |
|---|---|
| 1 | Dated: December 12, 2017 |
| 2 | |

Dated: December 12, 2017                    Respectfully Submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s Abbas Kazerounian*
    Abbas Kazerounian, Esq.
    Mike Kazerouni, Esq.
    Jason A. Ibey, Esq.
    Emily C. Beecham, Esq.
    *Attorneys for Plaintiff,*
    *Wayne Skiles*

Dated: December 12, 2017                    **HYDE & SWIGART**

By: */s Joshua B. Swigart*
    Joshua B. Swigart, Esq.
    josh@westcoastlitigation.com
    Hyde & Swigart
    2221 Camino Del Rio South,
    Suite 101
    San Diego, CA 92108
    Telephone: (619) 233-7770
    Facsimile: (619) 297-1022
    *Attorney for Plaintiff,*
    *Wayne Skiles*

Dated: December 12, 2017                    **JONES DAY**

By: */s John A. Vogt*
    John A. Vogt, Esq.
    *Attorney for Defendant,*
    *Experian Information Solutions, Inc.*

Dated: December 12, 2017                    **COOLEY LLP**

By: */s Jeff Gutkin*
    Michael Rhodes, Esq.
    Jeff Gutkin, Esq.
    Kyle Wong, Esq.
    *Attorneys for Defendant,*
    *Tesla, Inc.*