**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mike Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Emily C. Beecham, Esq. (SBN: 315462)
emily@kazlg.com
245 Fisher Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WAYNE SKILES, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TESLA, INC. f/k/a TESLA MOTORS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and SALESFORCE VENTURES, LLC,**<br><br>**Defendants.** | **Case No.: 3:17-cv-05434-WHO**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1) **THE DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. §§ 2721, *ET SEQ.*;**<br><br>2) **THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. §§ 2510, *ET SEQ.*; AND**<br><br>3) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

*(vertical left margin:)* **Kazerouni Law Group, APC** Costa Mesa, California

INTRODUCTION

1. The plaintiff, WAYNE SKILES ("Plaintiff"), brings this class action complaint to challenge the illicit practice of TESLA, INC. ("Tesla"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and SALESFORCE VENTURES, LLC ("Salesforce") (collectively the "Defendants"), in surreptitiously acquiring consumers' private information from state-issued driver's licenses, then storing, using, and disclosing the same for impermissible marketing and sales purposes, including obtaining a consumer report without the consumer's knowledge or consent.

2. Tesla offers its potential customers the opportunity to test-drive its vehicles provided they can produce a valid driver's license prior to the test-drive. Under the guise of verification of licensure, a Tesla employee requested to view Plaintiff's driver's license and subsequently scanned the license using an iPad. Upon information and belief, an application on the iPad [1] instantaneously and automatically transmitted personal information embedded in the magnetic strip on Plaintiff's driver's license to Tesla's Salesforce customer relations database and other unknown places, for storage, use, and distribution to Experian and possibly other unknown third parties.

3. Upon information and belief, Experian unlawfully used Plaintiff's credit data and other information to create a "Mosaic" score for Plaintiff, which Tesla in turn could use, or did use, to target Plaintiff for marketing and sales purposes.

4. Through this scheme, Tesla deceptively obtained and subsequently used consumers' protected personal information for an impermissible purpose without the knowledge or consent of the consumer. Plaintiff and others similarly situated have fallen prey to this deceitful practice for several years.

---

[1] The iPad application was created specifically for Tesla by Appstem Media, LLC ("Appstem").

Kazerouni Law Group, APC
Costa Mesa, California

5. Congress passed the Driver's Privacy Protection Act ("DPPA") in order to protect the privacy of individuals whose personal information is registered with their State Department of Motor Vehicles. 18 U.S.C. §§ 2721, *et seq*. By knowingly obtaining, disclosing, and using information from Plaintiff's driver's license for an impermissible purpose, Defendants acted in violation of the DPPA, and are liable to Plaintiff pursuant to section 2724(a). Plaintiff and others similarly situated are entitled to actual damages (not less than liquidated damages), equitable relief, and attorney's fees and costs reasonably incurred, pursuant to section 2724(b).

6. The Electronic Communications Privacy Act ("ECPA") is a federal statute that prohibits a third party from intercepting and/or disclosing certain communications without authorization. Upon information and belief, Defendants intentionally intercepted and disclosed data embedded in Plaintiff's driver's license, in violation of 18 U.S.C. §§ 2510, et seq., and are liable to Plaintiff pursuant to 18 U.S.C. § 2510(a). Plaintiff and others similarly situated are entitled to statutory damages, punitive damages, and attorney's fees and costs reasonably incurred. 18 U.S.C. § 2520(b)&(c).

7. The Fair Credit Reporting Act ("FCRA") is a federal statute, enacted in 1970, to ensure that credit reporting agencies adopt reasonable procedures, fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information. 15 U.S.C. §§ 1681. Users of consumer information must have a permissible purpose under the FCRA to obtain a consumer report. Upon information and belief, Experian unlawfully furnished Plaintiff's consumer report to Tesla for an impermissible purpose, and without Plaintiff's consent, in violation of the FCRA.

8. Plaintiff makes the allegations contained herein, upon information and belief, with the exception of those allegations that pertain to Plaintiff or to Plaintiff's

Counsel, which Plaintiff alleges on personal knowledge.

9. Unless otherwise indicated, the use of any of Defendants' names in this First Amended Complaint include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogatees, representatives, and insurers of the named Defendants.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction because this case arises out of violation of federal law. *See* 18 U.S.C. §§ 2721, *et seq.*, 18 U.S.C. §§ 2510, *et seq.*, and 15 U.S.C. §§ 1681, *et seq.*

11. Venue is proper in the United States District Court for the Northern District of California, pursuant to 18 U.S.C. § 1391(b), because Tesla resides in this judicial district, the harm to Plaintiff occurred within the State of California, and Defendants are subject to personal jurisdiction in this judicial district because each Defendant conducts business here.

## PARTIES

12. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of California, County of Riverside.

13. Plaintiff is informed and believes, and thereon alleges, that Tesla, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California.

14. Plaintiff is informed and believes, and thereon alleges, that Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business in Costa Mesa, California.

15. Plaintiff is informed and believes, and thereon alleges, that Salesforce Ventures, LLC is a Delaware corporation with its principal place of business in San Francisco, California.

## FACTUAL ALLEGATIONS

16. Plaintiff alleges as follows, on information and belief, formed after a

Kazerouni Law Group, APC
Costa Mesa, California

1   reasonable inquiry under the circumstances.

2   17. In or around August of 2015, Plaintiff visited a Tesla vehicle showroom store
3      in Newport Beach, California.

4   18. While browsing, Plaintiff was approached by a Tesla employee known as a
5      product specialist ("Product Specialist") who initiated a conversation with
6      Plaintiff.

7   19. During the conversation, the Product Specialist offered Plaintiff a test drive
8      in a Tesla vehicle, and Plaintiff responded that he was interested.

9   20. The Product Specialist then requested to view Plaintiff's driver's license.

10  21. Plaintiff was led to believe this request was made only to verify that Plaintiff
11     was legally permitted to drive a motor vehicle; i.e., that Plaintiff possessed a
12     current, valid driver's license.

13  22. Unbeknownst to Plaintiff at the time, Tesla had an established practice of
14     obtaining customers' personal information from driver's licenses through
15     either: (1) scanning a customer's driver's license with an iPad; (2) swiping a
16     customer's driver's license using an iPad; or (3) manually typing the
17     information from a customer's driver's license into an iPad.

18  23. The Product Specialist took Plaintiff's driver's license and, with an iPad,
19     scanned Plaintiff's driver's license using an internal and proprietary software
20     application created for Tesla by Appstem.

21  24. Personal information from Plaintiff's driver's license was instantaneously
22     and automatically populated into the iPad.

23  25. The Product Specialist requested, then manually entered, Plaintiff's email
24     address and phone number into the iPad.

25  26. The Product Specialist then showed Plaintiff a message on the iPad screen
26     titled "Test Drive Agreement", stating that Plaintiff represented he was
27     validly licensed to drive a vehicle in the applicable area, that he was
28     responsible for his actions behind the wheel, would drive non-negligently,

Kazerouni Law Group, APC
Costa Mesa, California

and that he agreed to electronic submission and acceptance of the terms of the Test Drive Agreement he was viewing.

27. At all times viewing the iPad, Plaintiff believed his license was being electronically verified, and that once complete, his personal information other than phone number and email/ would be erased and not retained for any purpose.

28. Unbeknownst to Plaintiff, Plaintiff's personal information was immediately uploaded by Tesla, using the iPad application,[2] to Tesla's Salesforce customer relations database where a qualification profile was automatically created for Plaintiff using personal information obtained from Plaintiff's driver's license.

29. Plaintiff's personal information was then transmitted and disclosed to Experian through the Salesforce database.

30. Experian, in turn, provided Tesla with an Experian "Mosaic" score based on Plaintiff's personal information, such as his property characteristics, and summarized credit and automotive data.[3]

31. Tesla obtained, used, and disclosed Plaintiff's protected driver's license information to Experian to acquire a "Mosaic" score and other unknown data for marketing and sales purposes.

32. Tesla had no right to retain, disclose, and use Plaintiff's driver's license information for any purpose other than to verify the existence of Plaintiff's

---

[2] *Tesla Motors*, APPSTEM (last accessed on Sept. 14, 2017) https://appstem.com/work/tesla-ipad/ ("Connected iPads make scheduling a test drive a breeze, Tesla personnel swipe a prospective customer's driver's license to easily capture driver information").

[3] *Mosaic USA, Your Customer Segmentation Solution for Consistent Cross-Channel Marketing*, Experian (last accessed on Sept. 13, 2017) https://www.experian.com/assets/marketing-services/product-sheets/mosaic-usa.pdf (data factors include "property characteristics and summarized credit and automotive data").

Kazerouni Law Group, APC
Costa Mesa, California

driver's license.

33. The Product Specialist did not inform Plaintiff that Plaintiff's driver's license information would be retained, disclosed, or used for any purpose other than to verify that Plaintiff had a valid license to drive.

34. Plaintiff was not provided an opportunity to consent, and therefore could not have consented, to his driver's license information being retained, used, and disclosed for purposes other than verifying the existence or authenticity of his license.

35. Upon information and belief, to date, Tesla maintains Plaintiff's personal information in Tesla's Salesforce customer relations database and uses the information as it sees fit, depriving Plaintiff of the right to control distribution of his personal information.

36. Plaintiff has a right to control his personal information. As Plaintiff's information continues to be retained and used by Tesla and other third parties, Tesla continues to derive economic benefits from having access to Plaintiff's personal information.

37. Defendants have violated Plaintiff's right to control who has access to Plaintiff's personal information and for what purposes it is used.

**CLASS ALLEGATIONS**

38. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class").

39. Plaintiff represents and is a member of the following Class:

> All persons within the United States whose driver's license information was obtained, disclosed, and/or used by Defendant(s) and/or their employees and/or agents within four years prior to the filing of the Complaint.

40. Plaintiff further represents and is a member of the following Class:

> All persons within the United States whose driver's license information was obtained and used to acquire a

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

consumer report without consent within two years prior
to the filing of the Complaint.

41. Defendants and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the several thousands, if not substantially more.[4] Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Class were harmed by the acts of Defendants in violating Plaintiff and the putative Class Members' right to control their personal information.

43. Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

44. Joinder of the putative Class Members is impractical and disposition of their claims in a class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

45. There is a well-defined community of interest in the questions of law and fact to the Class that predominate over questions which may affect individual Class Members, including the following:

  a. whether Defendant(s) knowingly obtained and/or disclosed protected personal information from Plaintiff and the Class Members' driver's licenses;

  b. whether Defendant(s) knowingly obtained and/or disclosed Plaintiff and the Class members' consumer reports in violation of

---

[4] In 2016, Tesla CEO Elon Musk revealed that the company received almost 400,000 preorders for its Model 3 sedan, only one week after its unveiling. *See* Tom Warren, *Tesla has received almost 400,000 preorders for the Model 3*, Apr. 21, 2016. https://www.theverge.com/2016/4/21/11477034/tesla-model-3-preorders-400000-elon-musk.

section 1681a of the FCRA;

c.  whether Defendant(s) disclosed to Plaintiff and the Class members, in writing, that Defendants procured or caused to be created a consumer report containing Plaintiff and the Class members' personal information;

d.  whether Defendant(s) violated section 2722(a) of the DPPA by obtaining, using, and/or disclosing personal information from a motor vehicle record without a permissible purpose under section 2721(b) of the DPPA;

e.  whether Defendant(s) made a false representation to obtain personal information from a motor vehicle record in violation of section 2722(b) of the DPPA;

f.  whether Defendant(s) unlawfully intercepted the contents of an electronic communication and/or disclosed or used such intercepted communications for an impermissible purpose in violation of section 2511(1)(a)&(b) of the ECPA;

g.  whether Plaintiff and the Class members were damaged by Defendants' conduct, and the extent of such damages; and

h.  whether Defendant(s) and their agents should be enjoined from engaging in such conduct in the future.

46. As a natural person whose driver's license information was unlawfully obtained, used, and disclosed without his knowledge or consent for marketing and sales purposes, or any other unauthorized purpose, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

action, the Class will continue to face the potential for irreparable harm. In addition, the violations of law alleged herein will not be remedied and Defendants will likely continue to engage in such illegal conduct.

48. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving invasion of privacy.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against the Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.

50. Defendants have acted and continue to act on grounds generally applicable to the Class, thereby making appropriate, final injunctive relief and corresponding declaratory relief, with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE DRIVER'S PRIVACY PROTECTION ACT ("DPPA")
### 18 U.S.C. §§ 2721, *ET SEQ.*

51. Plaintiff realleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

52. The DPPA makes it unlawful for any person to knowingly obtain, disclose, or use personal information, from a motor vehicle record, for a purpose not permitted under section 2721(b). 18 U.S.C. §§ 2722(a) & 2724(a).

53. Tesla is a "person" as defined under section 2725(2) of the DPPA.

54. Experian is a "person" as defined under section 2725(2) of the DPPA.

55. The physical act of scanning Plaintiff's driver's license was an intentional, knowing act by Tesla.

56. The act of using Plaintiff's private information to generate a "Mosaic" score for Plaintiff was an intentional, knowing act by Experian.

57. Upon scanning Plaintiff's driver's license, Tesla instantaneously captured and transmitted to Experian at least the following information: Plaintiff's first name, last name, home address, driver's license number, the state where Plaintiff's driver's license was issued, and the expiration date on Plaintiff's driver's license.

58. Plaintiff's name, address, and driver identification number constitute protected "personal information" under section 2725(3).[5]

59. Plaintiff's driver's license is a "motor vehicle record" as defined under section 2725(1).[6]

60. Tesla and Experian knowingly obtained, used, and disclosed Plaintiff's protected personal information from Plaintiff's driver's license for a purpose not permitted or authorized under section 2721(b).

61. Specifically, Tesla knowingly obtained and disclosed Plaintiff's personal information from Plaintiff's driver's license to acquire data concerning Plaintiff's financial condition and credit worthiness, which is a purpose not permitted under section 2721(b).

62. Experian knowingly used Plaintiff's personal information from Plaintiff's driver's license to create a "Mosaic" score based on Plaintiff's financial condition and credit worthiness (among other factors), which is a purpose not permitted under section 2721(b).

63. Neither Tesla nor Experian obtained Plaintiff's consent to obtain, use, or disclose Plaintiff's protected personal information from his driver's license, because, to Plaintiff's knowledge, his driver's license was being used only to

[5] "'[P]ersonal information' means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information[.]" 18 U.S.C. § 2725(3).

[6] "'[M]otor vehicle record' means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1).

Kazerouni Law Group, APC
Costa Mesa, California

verify that he was a licensed driver.

64. In addition, the DPPA makes it unlawful for any person to make a false representation to obtain any personal information from an individual's motor vehicle record. 18 U.S.C. § 2722(b).

65. Tesla falsely represented to Plaintiff that his driver's license was scanned to verify whether Plaintiff was, in fact, licensed to drive. In reality, the software used to scan Plaintiff's driver's license did not have the capacity to validate the license, but was instead programmed to capture, store, and share Plaintiff's personal information with Experian and other unknown third parties for the purpose of acquiring marketing and credit data.

66. The foregoing acts and omissions constitute multiple violations of the DPPA.

67. Plaintiff and the putative Class suffered harm as a result of Defendants' violations of the DPPA, and therefore seek the following relief: (a) actual damages, but not less than liquidated damages in the amount of $2,500, pursuant to section 2724(b)(1); (b) punitive damages upon proof of willful or reckless disregard of the law, pursuant to section 2724(b)(2); (c) attorney's fees and costs reasonably incurred, pursuant to section 2724(b)(3); and (d) any such other preliminary and equitable relief as the court determines to be appropriate pursuant to section 2724(b)(4).

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT
### 18 U.S.C. §§ 2510, *ET SEQ.*

68. Plaintiff realleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

69. The Electronic Communications Privacy Act ("ECPA") makes it unlawful for any person to intercept any wire, oral, or electronic communication; or to use or disclose the contents of a wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the

**1**  interception of a wire, oral, or electronic communication. 18 U.S.C. §
**2**  2511(1).

**3**  70. Each defendant is a "person" within the meaning of the ECPA, as defined
**4**  under 18 U.S.C. § 2510(6).

**5**  71. The transfer of data from the electromagnetic strip on Plaintiff's driver's
**6**  license to the iPad and elsewhere is an "electronic communication" within the
**7**  meaning of the ECPA, as defined under 18 U.S.C. § 2510(12).

**8**  72. The acquisition of the contents of such electronic communication through use
**9**  of an iPad amounts to an "interception" as that term is defined under 18
**10**  U.S.C. § 2510(4).

**11**  73. Plaintiff intended only for his driver's license to be scanned for the purpose
**12**  of verifying the authenticity of the license in order to engage in a test drive.

**13**  74. Tesla unlawfully intercepted the electronic communication of Plaintiff's
**14**  driver's license data by capturing and storing the communication in its
**15**  Salesforce customer relations database and simultaneously transmitting the
**16**  communication to Experian.[7]

**17**  75. Salesforce unlawfully intercepted the electronic communication of Plaintiff's
**18**  driver's license data to Tesla by capturing and storing the communication
**19**  instantaneously as the license was scanned.

**20**  76. Experian unlawfully intercepted the electronic communication of Plaintiff's
**21**  driver's license data to Tesla by acquiring the communication instantaneously
**22**  as the license was scanned.

**23**  77. Tesla unlawfully disclosed the electronic communication of Plaintiff's
**24**  driver's license data to Salesforce and Experian by colluding with Salesforce
**25**  and Experian to capture the communication, while knowing or having reason

**26**

**27**  [7] A party to a communication may "intercept" that communication when, as here,
**28**  that party was not acting under the color of law and acquired the communication
     for an illicit purpose. *See* 18 U.S.C. § 2511(2).

Kazerouni Law Group, APC
Costa Mesa, California

to know that the communication was obtained through an unlawful interception in violation of 18 U.S.C. § 2511(1).

78. Tesla used or endeavored to use the contents of the communication of Plaintiff's driver's license information to obtain marketing and credit data, while knowing or having reason to know that the communication was obtained through an unlawful interception in violation of 18 U.S.C. § 2511(1).

79. Experian used or endeavored to use the contents of the communication of Plaintiff's driver's license information to generate a "Mosaic" score for Plaintiff, while knowing or having reason to know that the communication was obtained through an unlawful interception in violation of 18 U.S.C. § 2511(1).

80. At the time of the test drive, Plaintiff could not, and did not, consent to the storage, disclosure, or use of the contents of the electronic communication of his driver's license data to Tesla by way of the iPad, because Plaintiff was led to believe that his license was scanned for the sole purpose of verifying the authenticity of his license.

81. Even if Plaintiff had consented to the storage, disclosure, or use of the contents of the electronic communication of his driver's license data to Tesla by way of the iPad, Defendants acted in violated of the ECPA by using the contents of the communication for an illicit purpose. *See* 18 U.S.C. § 2511(2).

82. The foregoing acts and omissions amount to multiple violations of the ECPA.

83. Plaintiff and the putative Class suffered harm as a result of Defendants' violations of the ECPA, and therefore seek the following relief: (a) preliminary, equitable, and declaratory relief as may be deemed appropriate by the Court, pursuant to section 2520(b)(1); (b) the greater of profits obtained by Defendant as a result of its unlawful conduct, or statutory

Kazerouni Law Group, APC
Costa Mesa, California

damages as authorized under section 2520(c)(2)(B); (c) punitive damages pursuant to section 2520(b)(2); and (d) costs and attorney's fees reasonably incurred as provided under section 2520(b)(3).

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681, *ET SEQ.***

84. Plaintiff realleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

85. Experian is a "consumer reporting agency" as defined under section 1681a(f).

86. The "Mosaic" score provided by Experian to Tesla falls within the definition of a "consumer report", which is broadly defined to include "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . credit or insurance to be used primarily for personal, family, or household purposes . . ." 15 U.S.C. § 1681a(d)(1).

87. In generating a "Mosaic" score for Tesla, Experian took into consideration factors bearing on Plaintiff's credit worthiness, personal characteristics, and mode of living, among other things.[8]

88. Experian communicated the "Mosaic" score to Tesla, to be used at least in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility

---

[8] Some of the key benefits of the Experian Mosaic marketing tool, as advertised by Experian, include "property characteristics and summarized credit and automotive data", and other "insights needed to anticipate the behavior, attitudes and preferences of [marketers'] most profitable customers[.]" *See Target your audiences with precision and insight through Mosaic USA*, experian (last accessed Dec. 6, 2017), (http://www.experian.com/marketing-services/consumer-segmentation.html).

*Kazerouni Law Group, APC*
*Costa Mesa, California*

for credit to be used to purchase a vehicle for personal use.

89. Plaintiff did not consent to use of his driver's license information by Experian to produce a consumer report, nor did Plaintiff consent to the receipt or use of such consumer report by Tesla, as Plaintiff was not even aware that his credit data and other information was accessed or used to calculate the "Mosaic" score.

90. Plaintiff, at all times relevant, believed his driver's license information was being used only to verify that he was a licensed driver.

91. Experian, therefore, furnished a consumer report to Tesla for a purpose not permitted under section 1681b.

92. Tesla, therefore, obtained and used a consumer report for a purpose not permitted under section 1681b.

93. Tesla failed to disclose to Plaintiff, in writing (or by any means), that Tesla procured a consumer report from Experian.

94. Plaintiff and the Class members suffered harm as a result of Defendants' violations of the Fair Credit Report Act, and therefore seek the following relief: (a) statutory damages of not less than $100 and not more than $1,000 per class member, pursuant to section 1681n(a)(1)(A); (b) punitive damages, in an amount to be determined at trial, pursuant section 1681n(a)(2); and (c) reasonable costs and attorney's fees as provided by section 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants and each of them:

- that this action be certified as a class action;
- that Plaintiff be appointed as the representative of the Class;
- that Plaintiff's attorneys be appointed Class Counsel;
- that Defendants be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws.

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE DRIVER'S PRIVACY PROTECTION ACT
### 18 U.S.C. §§ 2721, *ET SEQ.*

- an award of actual damages, but not less than liquidated damages in the amount of $2,500, per class member, pursuant to 18 U.S.C. § 2724(b)(1);

- an award of punitive damages, in an amount to be determined at trial, pursuant to 18 U.S.C. § 2724(b)(2);

- an award of reasonable attorney's fees together with all costs and expenses reasonably incurred, pursuant to 18 U.S.C. § 2724(b)(3); and

- such other preliminary and equitable relief as the Court determines to be appropriate, pursuant to 18 U.S.C. § 2724(b)(4).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT
### 18 U.S.C. §§ 2510, *ET SEQ*.

- such preliminary and other equitable or declaratory relief as may be appropriate, pursuant to 18 U.S.C. § 2520(b)(1);

- an award of statutory damages of whichever is the greater of $100 a day for each violation, or $10,000, per Class member;

- an award of punitive damages, in an amount to be determined at trial, pursuant to 18 U.S.C. § 2520(b)(2); and

- an award of reasonable attorney's fees together with all costs and expenses reasonably incurred, pursuant to 18 U.S.C. § 2520(b)(3).

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681, *ET SEQ*.

- an award of statutory damages of not less than $100 and not more than $1,000 per Class member pursuant to 15 U.S.C. § 1681n(a)(1)(A);

- an award of punitive damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of reasonable attorney's fees, together with all costs and

1    expenses, pursuant to 15 U.S.C. 1681n(a)(3); and

2    •   any such other relief as the Court may deem appropriate.

3                           **TRIAL BY JURY**

4   95. Pursuant to the seventh amendment to the Constitution of the United States of

5       America, Plaintiff is entitled to and demands a trial by jury.

6

7   Dated: December 22, 2017           Respectfully Submitted,

8                           **KAZEROUNI LAW GROUP, APC**

9

10                        By: *__/s Abbas Kazerounian____*

11                            Abbas Kazerounian, Esq.

12                            Mike Kazerouni, Esq.

13                            Jason A. Ibey, Esq.

                             Emily C. Beecham, Esq.

                             *Attorneys for Plaintiff*

**Kazerouni Law Group, APC**
Costa Mesa, California