1  COOLEY LLP
   MICHAEL G. RHODES (116127)
2  (rhodesmg@cooley.com)
   JEFFREY M. GUTKIN (216083)
3  (jgutkin@cooley.com)
   KYLE C. WONG (224021)
4  (kwong@cooley.com)
   101 California Street, 5th Floor
5  San Francisco, CA  94111-5800
   Telephone:   (415) 693-2000
6  Facsimile:    (415) 693-2222

7  Attorneys for Defendant
   TESLA, INC.

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  WAYNE SKILES,                          Case No.  3:17-cv-05434-WHO

14              Plaintiff,                  **DEFENDANT TESLA, INC.'S REQUEST FOR
                                            JUDICIAL NOTICE IN SUPPORT OF ITS
15       v.                                 MOTION TO COMPEL ARBITRATION AND
                                            TO STAY PLAINTIFF'S FIRST AMENDED
16  TESLA, INC., EXPERIAN INFORMATION       COMPLAINT, OR, ALTERNATIVELY, TO
    SOLUTIONS, INC., and SALESFORCE         DISMISS PLAINTIFF'S FIRST AMENDED
17  VENTURES, LLC,                          COMPLAINT**

18              Defendants.                 Date:        May 16, 2018
                                            Time:        2:00 p.m.
19                                          Courtroom: 2, 17th Floor
                                            Judge:       Hon. William H. Orrick

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 16, 2018, at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable William H. Orrick, defendant Tesla, Inc. ("Tesla") will request that the Court consider Exhibits A, B, and C to the supporting Declaration of Jeffrey Gutkin ("Gutkin Declaration") in adjudicating Tesla's concurrently-filed Motion to Compel Arbitration and to Stay Plaintiff's First Amended Complaint, or, Alternatively, to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss").  Specifically, Tesla will request that the Court take judicial notice of Exhibits A, B, and C to the Gutkin Declaration under Federal Rule of Evidence 201.  This request is based on the instant Request and supporting memorandum of points and authorities, Tesla's Motion to Dismiss and supporting memorandum of points and authorities, the Gutkin Declaration and its exhibits, all pleadings and papers on file in this matter, and such other matters as may be presented to this Court at the time of the hearing.

### STATEMENT OF RELIEF SOUGHT

Tesla seeks an order stating that Exhibits A, B, and C to the Gutkin Declaration are properly before the Court on Tesla's Motion to Dismiss because they are subject to judicial notice.

### STATEMENT OF ISSUES TO BE DECIDED

Should the Court take judicial notice of Exhibits A, B, and C to the Gutkin Declaration in ruling on Tesla's Motion to Dismiss?

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    DOCUMENTS SUBJECT TO THIS REQUEST**

Tesla requests that the Court take judicial notice of the following documents:

1.    Gutkin Declaration, Exhibit A: Experian Marketing Services' ("Experian's") Mosaic USA Product Sheet, "Mosaic USA, Your Customer Segmentation Solution for Consistent Cross-Channel Marketing," ("Mosaic USA Product Sheet") *available at* https://www.experian.com/assets/marketing-services/product-sheets/mosaic-usa.pdf and referenced in the First Amended Complaint ("FAC") at ¶ 30 n.3.

2.    Gutkin Declaration, Exhibit B: Experian's Ask Judy Column, "Ask Judy: Data Compliance Corner," *available at* https://www.experian.com/marketing-services/ask-judy.html.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

1    3.    Gutkin Declaration, Exhibit C: Experian's Mosaic USA Consumer Lifestyle

2   Segmentation Page, "Target your audiences with precision and insight through Mosaic USA,"

3   ("Consumer Lifestyle Segmentation Page") *available at* http://www.experian.com/marketing-

4   services/consumer-segmentation.html and referenced in the FAC at ¶ 87 n.8.

5   **II.    LEGAL STANDARD**

6        "[C]ourts ***must*** consider the complaint in its entirety, as well as other sources courts ordinarily

7   examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into

8   the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

9   *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *accord, e.g., Skilstaf, Inc.*

10  *v. CVS Caremark Corp.*, No. 09-2514, 2010 WL 199717, at *2 (N.D. Cal. Jan. 13, 2010) (same).

11       Under the doctrine of incorporation by reference, a court may consider "not only documents

12  attached to the complaint, but also documents whose contents are alleged therein, provided the

13  complaint 'necessarily relies' on the documents or contents thereof, and the documents' authenticity

14  and relevance are uncontested." *Sharp v. Nationstar Mortg., LLC*, No. 14-CV-00831-LHK, 2015 WL

15  106844, at *3 (N.D. Cal. Jan. 7, 2015) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038

16  (9th Cir. 2010)).  A document is "incorporated by reference into a complaint if the plaintiff refers

17  extensively to the document or the document ***forms the basis*** of the plaintiff's claim." *United States*

18  *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added).  Moreover, where a document has

19  been incorporated by reference, the Court "'may treat such a document as part of the complaint, and

20  thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"

21  *Id*. at 908.  The purpose of this doctrine is "to prevent plaintiffs from surviving a Rule 12(b)(6) motion

22  by deliberately omitting [references] to documents upon which their claims are based." *Swartz v.*

23  *KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alterations and internal quotations omitted).

24       Additionally, when ruling on a motion to dismiss, a court may consider any matter that is

25  subject to judicial notice. *Tellabs*, 551 U.S. at 322; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500,

26  504 (9th Cir. 1986).  Specifically, on a party's request, the court ***must*** take judicial notice of facts "not

27  subject to reasonable dispute" that are either (1) "generally known within the trial court's territorial

28  jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

1    reasonably be questioned." Fed. R. Evid. 201(b), (c)(2). Courts routinely take judicial notice of

2    website contents. *See, e.g.*, *Frances Kenny Family Tr. v. World Savs. Bank FSB*, No. 04-3724, 2005

3    WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005) (taking judicial notice of content on plaintiffs'

4    website); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (district court abused discretion by

5    denying party's request for judicial notice of information on government agency's website); *see also*

6    *infra*, Section III. B (collecting additional cases).

7    **III.    ARGUMENT**

8           **A.    The Complaint Incorporates by Reference Both the Mosaic USA Product Sheet
               and Consumer Lifestyle Segmentation Page, and They Should Be Considered for
9              Their Truth.**

10

11           Plaintiff relies on the (1) Mosaic USA Product Sheet (Gutkin Decl. ¶ 2, Ex. A), and (2)

12   Consumer Lifestyle Segmentation Page (Gutkin Decl.  ¶ 4, Ex. C), to support his claims, alleging that

13   "Experian . . . provided Tesla with an Experian 'Mosaic' score based on Plaintiff's personal

     information, such as property characteristics, and summarized credit and automotive data."  (FAC ¶
14
     30  n.3  (citing  https://www.experian.com/assets/marketing-services/product-sheets/mosaic-usa.pdf.)
15
     Plaintiff uses this allegation to support his assertion that "[t]he 'Mosaic' score provided by Experian
16
     to Tesla falls within the [FCRA] definition of a 'consumer report'" because, "[i]n generating [the
17
     score] for Tesla, Experian took into consideration  factors bearing on Plaintiff's credit worthiness,
18
     personal characteristics, and mode of living, among other things."   (*Id*. ¶¶ 86-87, 87 n.8 (citing
19
     http://www.experian.com/marketing-services/consumer-segmentation.html).)     Because  both  the
20
     Product Sheet and Consumer Lifestyle Segmentation Page are cited in support of an allegation that is
21
     necessary to state a FCRA claim, they "form[] the basis of the plaintiff's claim'" and are therefore
22
     incorporated by reference. *Sharp*, 2015 WL 106844 at *4 (quoting *Ritchie*, 342 F.3d at 908); *see also*
23
     *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 880, 884-85 & n.2 (N.D. Cal. 2015) (considering
24
     YouTube's Terms of Service cited in the complaint as incorporated by reference in granting motion
25
     to dismiss); *Casper Sleep, Inc. v. Jack Mitcham and Mattress Nerd, LLC*, No. 16-3224, 2016 WL
26
     4574388, at *2 n.2 (S.D.N.Y. Sept. 1, 2016) (considering website excerpted in and linked from
27
     complaint as incorporated by reference in granting in part motion to dismiss); *Perkins v. LinkedIn*
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

TESLA'S REQ. FOR JUDICIAL NOTICE ISO
MOT. TO COMPEL OR MOT. TO DISMISS
CASE NO. 3:17-CV-05434-WHO

1   *Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (considering LinkedIn's online Help Page cited in

2   complaint in granting in part motion to dismiss).

3   Moreover, the FAC's purported description of the Mosaic Score based on the Mosaic USA

4   Product Sheet and Consumer Lifestyle Segmentation Page is inaccurate. The Mosaic Score is not, as

5   Plaintiff claims, based on "Plaintiff's personal information" or "personal characteristics." (FAC ¶¶ 30,

6   87.)  Rather, it is a "***household-based*** consumer lifestyle segmentation system that classifies all U.S.

7   households and neighborhoods."  (Gutkin Decl., Ex. A at 2 (emphasis added).)  The Court should

8   consider the Mosaic USA Product Sheet and Consumer Lifestyle Segmentation Page in full to prevent

9   Plaintiff from profiting from his inaccurate and incomplete description of the contents of the

10  documents.  *See Swartz*, 476 F.3d at 763; *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 625 (4th

11  Cir. 2008) (considering such documents and affirming dismissal of complaint where full documents

12  contradicted complaint's allegations); *Perkins*, 53 F. Supp. 3d at 1201 n.5 (considering blogpost that

13  plaintiffs "selectively quote[d]" as incorporated by reference); *In re Silicon Graphics, Inc. Sec. Litig.*,

14  970 F. Supp. 746, 758-59 (N.D. Cal. 1997) (documents referenced in the complaint and central to its

15  claims should be considered in their entirety to ensure plaintiffs have not "quoted only selected and

16  misleading portions of [them]").

17  **B.      The Court Should Take Judicial Notice of the Ask Judy Column.**

18  The Ask Judy Column (Gutkin Decl. ¶ 3, Ex. B) is subject to judicial notice because it is

19  publicly posted on Experian Marketing Services' website.  Courts frequently take judicial notice of

20  websites to show that certain information is publicly available.  *See, e.g.*, *In re Iso Ray, Inc. Sec. Litig.*,

21  189 F. Supp. 3d 1057, 1066 (E.D. Wash. 2016) ("courts may take judicial notice of information posted

22  on publicly available websites for the fact that the information is available to the market"); *Makaeff v.*

23  *Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of webpages to

24  determine what information was in public realm); *Shen Wei (USA) Inc. v. Sempermed, Inc.*, No. 05-

25  6004, 2007 WL 328846, at *3 n.3 (N.D. Ill. Jan. 30, 2007) ("For purposes of a 12(b)(6) motion to

26  dismiss, a court may take judicial notice of information publicly announced on a party's website, so

27  long as the website's authenticity is not in dispute and it is capable of accurate and ready

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

TESLA'S REQ. FOR JUDICIAL NOTICE ISO
MOT. TO COMPEL OR MOT. TO DISMISS
CASE NO. 3:17-CV-05434-WHO

1    determination.") (citation omitted).[1]

2       Here, Experian's Ask Judy Column is subject to judicial notice.  It is capable of accurate and

3    ready determination by visiting Experian's website.  *See* Gutkin Decl. ¶ 3; *Opperman v. Kong Techs.*,

4    No. 13-cv-00453-JST, 2017 U.S. Dist. LEXIS 116333, at *18 (N.D. Cal. Jul. 25, 2017).  Moreover,

5    Tesla has offered the document for consideration for a permissible purpose: to show what Experian

6    says to its customers regarding its expectations for their use of its marketing products (i.e., what

7    information was publicly available to Experian customers like Tesla).  *See Iso Ray*, 189 F. Supp. 3d

8    at 1066; *Makaeff*, 715 F.3d at 259; *Shen Wei*, 2007 WL 328846, at *3 n.3.  The Court should therefore

9    consider it in deciding Tesla's Motion to Dismiss.

10   **IV.    CONCLUSION**

11      For the reasons stated above, this Court should grant Tesla's request for judicial notice of

12   Exhibits A, B, and C to the Gutkin Declaration.

13

14   Dated:  January 24, 2018                           COOLEY LLP

15

16                                                      */s/ Michael G. Rhodes*
                                                        Michael G. Rhodes (116127)
17                                                      Attorneys for Defendant
                                                        TESLA, INC.
18

19

20

21

22   154612363

23   ─────────────────────
24   [1] *See also Kinderstart.com, LLC v. Google, Inc.*, No. 06-2057 JF (RS), 2007 WL 831806, at *21 n.20
     (N.D. Cal. Mar. 16, 2007) (taking judicial notice of pages on defendant Google's website to grant
     motion to dismiss); *Ross v. O'Neal*, No. 2:11-cv-06124-JHN-Ex, 2011 WL 5041967, at *1 (C.D. Cal.
25   Oct. 17, 2011) (taking judicial notice of records obtained from the NBA's official website,
     www.nba.com, to grant defendant basketball player's motion to dismiss); *Opperman v. Path, Inc.*, No.
26   13-cv-00453-JST, 2016 WL 4719263, at *2 n.3 (N.D. Cal. Sept. 8, 2016) (taking judicial notice of
     Yelp's Privacy Policy posted to its website): *Frances Kenny*, 2005 WL 106792, at *1 (taking judicial
27   notice of pages on plaintiffs' website); *Perkins*, 53 F. Supp. 3d at 1205 (taking judicial notice of
     LinkedIn's Help Page); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005)
28   (taking judicial notice of Amazon.com webpages).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TESLA'S REQ. FOR JUDICIAL NOTICE ISO
MOT. TO COMPEL OR MOT. TO DISMISS
CASE NO. 3:17-CV-05434-WHO**