UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SKILES,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-05434-WHO<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS** |

Plaintiff Wayne Skiles files this putative class action against defendants Tesla, Inc. ("Tesla") and Experian Information Solutions, Inc. ("Experian"), alleging that they violated the Fair Credit Reporting Act ("FCRA") when Experian provided Tesla with a "Mosaic score" at the time that Skiles visited Tesla's showroom. Skiles alleges that when he provided Tesla with his driver's license in order to test drive a car, Tesla sent his personal information to Experian without his consent, and Experian provided a report categorizing him according to likely income, spending habits, and other characteristics. Pursuant to Local Rule 7–1(b), I find this matter suitable for determination without oral argument and VACATE the hearing currently noticed for February 19, 2020. Skiles has failed to adequately allege that the report sent by Experian was a consumer report or that it was not used for a permissible purpose pursuant to the FCRA. However, amendment would not be futile. Accordingly, the defendants' motions are GRANTED WITH LEAVE TO AMEND.

## BACKGROUND

Skiles first filed this action on September 19, 2017 and filed an amended complaint ("FAC") on December 22, 2017. Dkt. Nos. 1, 61. Skiles alleges that in August of 2015, he visited a Tesla vehicle showroom in Newport Beach, California. Dkt. No. 61 ("FAC") ¶ 17. A Tesla employee approached him and offered to let him test drive a Tesla car. Skiles stated that he was

interested. *Id.* ¶¶ 18-19. The Tesla employee then requested Skiles's driver's license, which Skiles believed was for the purpose of verifying that he was permitted to operate a motor vehicle, but which Tesla in fact used to obtain a report from Experian called a "Mosaic score." *Id.* ¶¶ 20-31. Skiles was not provided an opportunity to consent to this use of his driver's license. *Id.* ¶ 34. Skiles alleges that his Mosaic score was based on his personal information and used by Tesla for sales and marketing purposes and to evaluate his credit worthiness. *Id.* ¶¶ 30-31, 62.

Tesla filed a motion to dismiss and to compel arbitration on January 24, 2018. Dkt. No 64. I granted Tesla's motion to compel arbitration and stayed the case. Dkt. No. 76. After the arbitrator found that Skiles's claims were not subject to arbitration, I granted Skiles's request to lift the stay. Dkt. No. 98. The parties subsequently resumed briefing on Tesla's original motion to dismiss the FAC filed in 2017, and Experian re-filed a motion to dismiss on November 27, 2019. Dkt. Nos. 64, 99. In his oppositions, Skiles did not oppose Experian's or Tesla's motions to dismiss his claims under the Electronic Communications Privacy Act and the Driver's Privacy Protection Act, but requests dismissal without prejudice. Dkt. No. 102 at 21; Dkt. No. 103 at 9.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

2

fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

### I.  REQUESTS FOR JUDICIAL NOTICE

Skiles filed a request for judicial notice along with his oppositions requesting notice of publicly available documents from the Federal Trade Commission ("FTC") and various publicly available documents published by Experian. Dkt. No. 104. I need not rely on the FTC materials because the cases cited by the parties and in this opinion are dispositive of the matters at issue. I have considered the Experian web pages cited in the FAC under the doctrine of incorporation by reference, but the remaining Experian materials have been cited by the parties for their substance and bear on factual matters not appropriate in resolving a motion to dismiss. Skiles's request is DENIED except as noted.

### II.  FCRA CLAIM

#### A.  Whether the Mosaic score is a "consumer report" under the FCRA

Tesla and Experian first argue that the Mosaic score is not a "consumer report" as defined by the FCRA because (i) it is not used to establish credit eligibility and (ii) it provides household and not individual consumer data. Dkt. No. 64 at 21; Dkt. No. 99 at 10-12. The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living," which is "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -- (A) credit or insurance to be used primarily for

3

personal, family, or household purposes…[or] (C) any other purpose authorized under section 1681b of this title." 15 U.S.C.A. § 1681a(d)(1).

The FAC alleges that the Mosaic score is a consumer report because "[i]n generating a 'Mosaic' score for Tesla, Experian took into consideration factors bearing on Plaintiff's credit worthiness, personal characteristics, and mode of living, among other things." FAC ¶¶ 86-87. It cites Experian's webpage, which states that Mosaic "is a household-based consumer lifestyle segmentation that empowers marketers with the insights needed to anticipate the behavior, attitudes and preferences of their most profitable customers and reach them in the most effective channels with the best messages." *Id.* ¶ 87. Listed "key benefits" include "[c]onsumer database of 126 million households" and "[p]redictive insights, property characteristics and summarized credit and automotive data." *Id.*

Tesla and Experian argue that Skiles's allegations with respect to the first aspect of the "consumer report" definition are conclusory. Dkt. No. 64 at 22; Dkt. No. 99 at 11-12. I disagree. Skiles's citation to Experian's website provides facts that plausibly support a claim that the Mosaic score contains information relating to "a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." 15 U.S.C.A. § 1681a(d)(1).

Both Tesla and Experian also argue that the Mosaic score is limited to household data, and not individual data as required by the statute. Dkt. No. 106 at 7; Dkt. No. 107 at 5. While it is true that the FCRA defines a "consumer" as an individual and not a business or group of people, 15 U.S.C.A. § 1681a(c), a consumer report need only "bear on" an individual's creditworthiness or reputation. The household data as pleaded here—which is allegedly prepared for individuals and based upon information from those individuals, *see* FAC ¶ 3, 30—satisfies this standard. Skiles has identified sufficient facts to allege that a Mosaic score "bears on" an individual's creditworthiness such that it is a consumer report.

Skiles asserts that after satisfying the first portion of the definition of "consumer report," he need only allege that the report could be used in connection with a "business transaction" with a consumer. Dkt. No. 102 at 8-9. However, in citing *Greenway v. Info. Dynamics, Ltd.*, 399 F.

4

Supp. 1092 (D. Ariz. 1974), *aff'd,* 524 F.2d 1145 (9th Cir. 1975), Skiles conflates Section 1681a of the FCRA (concerning definition of "consumer report") with Section 1681b (concerning permissible use of consumer reports). Section 1681b states that a credit reporting agency may permissibly provide a consumer report to a person that it has reason to believe "has a legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer." 15 U.S.C.A. § 1681b(a)(3)(F). Thus, the "business transaction" provision governs whether the Mosaic score was used for a permissible purpose, and not whether it is a consumer report in the first instance.

Skiles's argument that the "business transaction" provision of Section 1681b reads on the definition of "consumer report" by virtue of Section 1681(d)(1)(C) has been rejected by the Ninth Circuit. The court found that requests for consumer reports for the permissible "business transaction" purpose must specifically involve a credit transaction, insurance, employment, or licensing. *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) ("Reports used for 'business, commercial, or professional purposes' are not within the purview of the statute"). It rejected Skiles's broad construction of the "business purpose" provision in Section 1681b because it would render the specificity of Section 1681a meaningless. *Id.* (citing *Houghton v. New Jersey Mfrs. Ins. Co.,* 795 F.2d 1144, 1149 (3d Cir.1986)); *see also Sweet v. LinkedIn Corp.*, No. 5:14-CV-04531-PSG, 2015 WL 1744254, at *9 (N.D. Cal. Apr. 14, 2015) (rejecting position that the "consumer report definition encompasses communications that could be used for the purposes enumerated in Section 1681b(a)"). Accordingly, to plead that the Mosaic score is a "consumer report" under either Section 1681a(d)(1)(A) or 1681a(d)(1)(C), Skiles must allege that it was used or expected to be used in connection with one of the "specifically enumerated transactions" in Section 1681a(d) or Section 1681b(3)(A)-(E), "*i.e.,* credit, insurance eligibility, employment, or licensing." *Mone*, 945 F.2d at 308.

Skiles has not adequately alleged this second portion of the definition of "consumer report." The FAC alleges that Tesla used the Mosaic score at least in part "for the purpose of serving as a factor in establishing Plaintiff's eligibility for credit to be used to purchase a vehicle for personal use." FAC ¶ 88. This sparse allegation is somewhat contradicted by the FAC's

5

repeated claims that Tesla used the Mosaic score to "target Plaintiff for marketing and sales purposes." *Id.* ¶¶ 3, 31. Although it is possible that Tesla used the Mosaic score for both sales and marketing and credit evaluation purposes, to plead that it is a "consumer report" Skiles must allege facts with respect to *Experian's* expectations regarding the use of the report when it created the report. As Skiles points out, the Ninth Circuit has held that "[t]he plain language of section 1681a(d) reveals that a credit report will be construed as a 'consumer report' under the FCRA if the credit bureau providing the information *expects* the user to use the report for a purpose permissible under the FCRA, without regard to the ultimate purpose to which the report is *actually* put." *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273–74 (9th Cir. 1990) (emphasis in original). "Thus, if the user of the report led the agency preparing the credit report to believe, either through commission or omission, that the report was to be used for a consumer purpose … the report *is* a consumer report within the meaning of the FCRA." *Id.* at 1274. The FAC contains no information regarding what Experian believed the report would be used for or what Tesla represented to Experian regarding its use of the report. This case is unlike *Greenway*, upon which Skiles relies, because there the "conceded purpose [of the consumer report] [was] to furnish subscribing merchants with information on consumers who may tender checks in payment for purchases so that the subscriber may decide whether or not to accept the check." 399 F. Supp. at 1095. Accordingly, Skiles failed to adequately plead that the Mosaic score satisfies the second portion of the definition of "consumer report."

**B. Whether the Mosaic score was used for a permissible purpose under the FCRA**

Although I need not address the second prong of Skiles's FCRA claim, I address the parties' arguments regarding whether Skiles has adequately alleged that Tesla obtained, and Experian furnished, the Mosaic score for a "permissible purpose," because it relates to the futility of amendment. This analysis differs for each defendant.

Section 1681b states that a consumer reporting agency may furnish a consumer report under the FCRA to an entity "which it has reason to believe -- (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be

furnished and involving the extension of credit to, or review or collection of an account of, the consumer," or which "(F) otherwise has a legitimate business need for the information--(i) in connection with a business transaction that is initiated by the consumer . . ." 15 U.S.C.A. § 1681b(a)(3). As discussed above, the Ninth Circuit has rejected the argument that Section 1681b permits the provision of a consumer report in connection with any "legitimate business need" unrelated to credit, insurance, employment, or licensing. Accordingly, the Mosaic score could not be furnished for a permissible business purpose of targeting customers for marketing and sales purposes.

At the same time, I am not persuaded by Tesla's arguments that, if Experian expected the Mosaic score to be used or collected at least in part for the purpose of serving as a factor in establishing Skiles's eligibility for credit, then the Mosaic score was necessarily used in accordance with the FCRA "in connection with a credit transaction . . . and involving the extension of credit," or in connection with a "legitimate business need" involving credit. Experian's expectation with respect to the Mosaic score may be different from Tesla's use (whether intended or actual) of the report. Skiles could plausibly plead that Tesla did not intend to use the Mosaic score for the purposes of extending credit to him, but for an impermissible purpose. Indeed, Skiles has pointed to several cases that demonstrate that where a consumer report was obtained in similar factual circumstances, it was not a permissible use pursuant to Section 1681b absent consumer consent. *Boone v. T-Mobile USA Inc.*, No. 17-cv-378-KM-MAH, 2018 WL 588927, at *14 (D.N.J. Jan. 29, 2018) ("a consumer who asks a car dealer to 'test drive' a car, or asks questions about pricing and financing, 'is not necessarily indicating an intent to purchase or lease a vehicle from that particular dealer.'"); *Heaton v. Soc. Fin., Inc.*, No. 14-cv-05191-TEH, 2015 WL 6744525, at *4 (N.D. Cal. Nov. 4, 2015) ("credit transaction" purpose applies where plaintiffs evidence intent to have "hard inquiries performed."); *Traveler v. Glenn Jones Ford Lincoln Mercury 1987*, No. CV-05-0817-PHX-SRB, 2006 WL 173687, at *4 (D. Ariz. Jan. 24, 2006).

With respect to Experian, Skiles's allegations are somewhat in tension with those supporting his assertion that the Mosaic score is a consumer report. As discussed, Skiles has

7

plausibly alleged that the Mosaic score bears on a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living," but has not provided any facts regarding Experian's expectations in creating and furnishing the report to Tesla. Assuming that Skiles can plausibly allege that Experian expected that Tesla would use the Mosaic score as a factor in establishing the consumer's eligibility for credit, he cannot simultaneously allege that Experian did not expect that Tesla intended to use that information "in connection with a credit transaction involving the consumer . . . and involving the extension of credit to . . . the consumer." 15 U.S.C.A. § 1681b(a)(3)(A). As Experian points out, the cases that Skiles cites relate to causes of action against the party requesting the report, not the party furnishing the report.

Skiles also states that Experian should have known of Tesla's allegedly impermissible use based on several "red flags" and that it had a duty to ensure that Tesla had obtained consumer consent before providing any reports. Dkt. No. 102 at 17-19. If properly pleaded, this could possibly be grounds for a plausible claim. However, unlike the case that Skiles relies upon, *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1121 (11th Cir. 2006), the FAC does not contain any specific facts regarding these red flags. As discussed, there is no information pleaded regarding what Tesla communicated to Experian regarding the Mosaic scores or Experian's expectations in providing the scores. And Skiles has failed to adequately allege whether and how Experian's failure to verify consumer consent in these circumstances would violate Section 1681b.

Relatedly, Skiles contends that "Experian can be liable for [] Tesla's impermissible use when [] Experian fails to comply with the statutory obligations imposed by 15 U.S.C. § 1681e." Dkt. No. 102 at 16. However, he does not allege a violation of this section in the FAC, nor does he provide any facts regarding what effort, if any, Experian made to verify that the uses purportedly certified by Tesla complied with the FCRA. In addition, courts have held that a violation of 1681b is a prerequisite to a claim under Section 1681e. *Abbink v. Experian Info. Sols., Inc.*, No. 19-cv-1257-JFW-PJWX, 2019 WL 6838705, at *4 (C.D. Cal. Sept. 20, 2019); *Baker v. Trans Union LLC*, No. 07-cv-8032-PCT-JAT, 2008 WL 4838714, at *5 (D. Ariz. Nov. 6, 2008); *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000). Accordingly, in

1 order to state a cause of action against Experian, Skiles must allege additional facts that would

2 demonstrate a theory by which, although the Mosaic score was created with the expectation that

3 Tesla would use it in connection with a credit transaction involving the consumer, Experian

4 violated Section 1681b.

Because it is possible that Skiles can plead causes of action against Tesla and Experian, I do not find that amendment would be futile.

### C. Whether Skiles has pleaded willful conduct

Skiles has not pleaded actual damages—an element of a claim for a negligent violation of the FCRA—and so has not adequately pleaded his FCRA claim under a negligence theory. *See Mnatsakanyan v. Goldsmith & Hull APC*, No. 12-cv-4358 MMM PLAX, 2013 WL 10155707, at *6 (C.D. Cal. May 14, 2013). Instead, Skiles seeks statutory damages, which require that he adequately plead a willful violation of the FCRA. *Id.*; FAC at 16. Willful damages can include knowing or reckless violations of the statute. *Mnatsakanyan*, 2013 WL 10155707, at *7. However, Skiles has not pleaded any facts to support willful damages under either theory, but merely seeks willful damages in his prayer for relief. In his opposition, he suggests in a conclusory manner that because the FTC has deemed use of consumer reports without consent in similar circumstances to be in violation of the FCRA, Experian acted in reckless disregard of the statute. Dkt. No. 102 at 20. But this is not pleaded in the complaint, and without more facts the allegations are insufficient to establish willfulness. Accordingly, Skiles's allegations with respect to willfulness are inadequate.

### III. APPROPRIATE EXPERIAN ENTITY

Experian asserts that Skiles sued the wrong Experian entity, Experian Information Solutions, Inc., because a different entity, Experian Marketing Services, Inc. prepared the Mosaic score. Dkt. No. 99 at 6. Skiles does not fundamentally disagree with this position, but states that Experian inappropriately raised the issue and that it is plausible that Experian Information Solutions, Inc. is a proper defendant. Dkt. No. 102 at 3-4. It appears that Skiles did improperly name Experian Information Solutions, Inc. as defendant. *See* FAC ¶ 87 (citing Experian web page describing "Experian Marketing Services' Mosaic USA"); *Steinmetz v. Am. Honda Fin.*, No. 19-

cv-64 JCM (VCF), 2019 WL 4415090, at *8 (D. Nev. Sept. 16, 2019) (finding improper Experian entity sued in similar circumstances). If Skiles chooses to file an amended complaint, he may name Experian Marketing Services, Inc. in place of Experian Information Solutions, Inc. as a defendant in light of Experian's representations.

## CONCLUSION

For the above reasons, Tesla's and Experian's motions to dismiss the FAC are GRANTED WITHOUT PREJUDICE.[1] Skiles shall file a second amended complaint within twenty days of this order.

**IT IS SO ORDERED.**

Dated: February 19, 2020

William H. Orrick
United States District Judge

---

[1] Skiles did not oppose Experian's or Tesla's motions to dismiss his claims under the Electronic Communications Privacy Act and the Driver's Privacy Protection Act but asked leave to amend. Since amendment is freely given, I will allow it even though it is unclear that he will be able to successfully amend on those claims.

10